**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **VICTOR ENGLEBERT, et al.** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No. 14-cv-2062** |
| | : | |
| **MCGRAW-HILL GLOBAL** | : | |
| **EDUCATION HOLDINGS LLC, and** | : | |
| **MCGRAW-HILL SCHOOL** | : | |
| **EDUCATION HOLDINGS, LLC,** | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

**Stengel, J.**                                                          **July 8, 2014**

A group of photographers brings this copyright infringement suit for alleged
misuse of their photographs in McGraw-Hill's publications. The plaintiffs move to stay
this action, pending the outcome of their motion to intervene in Viesti Associates, Inc. v.
McGraw-Hill Global Education Holdings, et al., District of Colorado, Case No. 12-cv-
668. The defendants oppose this motion. I agree with the plaintiffs that a stay is
warranted.

## I.       BACKGROUND[1]

The plaintiffs are photographers or photography companies claiming to be co-
owners of copyrights in photographs originally licensed to McGraw-Hill for limited use
in McGraw's publications.[2] The plaintiffs claim that McGraw-Hill then used their

---

[1] The information in the section is taken from the plaintiffs' complaint in this case, unless otherwise noted.

[2] Beryl Goldberg, Jason Laure, Robert Fried, Ulrike Welsch, and Victor Englebert are all professional
photographers. Natural Exposures, Inc. is wholly owned by professional photographer Daniel Cox. Dennis Cox LLC

photographs beyond the authority or permission granted them by their limited licenses. The photographs at issue are attached to the plaintiffs' complaint.

Allegedly McGraw-Hill's unauthorized uses were concealed for years until Viesti Associates, a stock photo agency in Colorado, "discovered" these infringements.[3] At some point prior to February 14, 2012, Viesti became an agent for the plaintiffs in enforcing their copyright property interests. The specifics of this agency relationship or assignment are not explained in the complaint in this case.[4]

Subsequently, Viesti filed copyright infringement cases in the District of Colorado against McGraw-Hill and another textbook publisher, Pearson Education, Inc.[5] The allegations in those cases were similar to each other and involved the same photographs. On March 19, 2014, the court dismissed two of the cases against Pearson, finding that Viesti did not have standing to sue.[6] On March 31, 2014, the plaintiffs filed a motion to

---

is a limited liability company wholly owned and operated by professional photographer Dennis Cox. Liu Liqun (aka Christopher Liu) is a professional photographer. Dennis Cox LLC offers the photography of Dennis Cox and several other photographers, including Liu Liqun, for licensing under the business name ChinaStock. Wolfgang Kaehler Photography LLC is wholly owned and operated by professional photographer Wolfgang Kaehler. Native Stock Pictures LLC is wholly owned and operated by professional photographer Marilyn Angel Wynn. Laurence Parent Photography, Inc. is wholly owned and operated by professional photographer Laurence Parent. See Compl., Doc. No. 1 at ¶¶ 4-13.

[3] See Defendants' Opposition to the Motion to Stay, Doc. No. 18 at 3.

[4] In their Opposition to the Motion to Stay, the defendants claim that Joe Viesti, the principal of Viesti Associates, "contacted various photographers and stock photo agencies, including Plaintiffs here, and offered to prosecute copyright infringement claims with respect to their photos and 'on their behalf' against various textbook publishers." See Defendants' Opposition to Motion to Stay, Doc. No. 18 at 3. The information they rely on in making this assertion appears to be taken from discovery in the Colorado cases.

[5] See Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al., Case No. 1:12-cv-00668, D. Colo., Viesti Assoc., Inc. v. Pearson Educ., Inc., Case No. 1:11-cv-01687 (Pearson I), D. Colo.; Viesti Assoc., Inc. v. Pearson Educ., Inc., No. Case No. 1:12-cv-01431 (Pearson II), D. Colo.; and Viesti Assoc., Inc. v. Pearson Educ., Inc., Case No. 1:12-cv-02240 (Pearson III), D. Colo.

[6] See Viesti Assoc., Inc. v. Pearson Educ., Inc., Case No. 1:11-cv-016 (Pearson I), D. Colo.; and Viesti Assoc., Inc. v. Pearson Educ., Inc., No. Case No. 1:12-cv-01431 (Pearson II), D. Colo.

intervene in the Colorado case against McGraw-Hill, <u>Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al.</u> (Viesti v. McGraw-Hill), Case No. 1:12-cv-00668. [7] In that motion, the plaintiffs indicated that they also intended to file a new lawsuit against McGraw-Hill "to preserve their interests."[8] This motion is still pending in the District of Colorado. McGraw-Hill also filed a motion for summary judgment on the issue of standing in that case.[9]

On April 8, 2014, the plaintiffs filed this complaint here. The photographs at issue in this case are the same photographs at issue in <u>Viesti v. McGraw-Hill</u>.[10] The complaint in this case explains the procedural history of the Colorado cases as being the impetus for this action.[11] The plaintiffs then moved to stay this case, pending the outcome of the motion to intervene in <u>Viesti v. McGraw-Hill</u>. McGraw-Hill opposes this motion.

## II.    DISCUSSION[12]

"A United States district court has broad power to stay proceedings." <u>Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO</u>, 544 F.2d 1207, 1215 (3d Cir. 1976). A district court "must weigh competing interests and maintain an even

---

[7] <u>See</u> Plaintiffs' Motion to Stay, Ex. 2 (Motion to Intervene in <u>Viesti v. McGraw-Hill</u>); <u>Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al.</u>, Case No. 1:12-cv-00668, D. Colo., Doc. No. 83.

[8] <u>See id.</u> at 2 n. 2.

[9] <u>See</u> <u>Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al.</u>, Case No. 1:12-cv-00668, D. Colo., Doc. No. 89, 90, 91, 92, 94.

[10] <u>Compare</u> Compl., Doc. No. 1, Ex. 1-11; <u>Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al.</u>, Case No. 1:12-cv-00668, D. Colo., Doc. No. 1, Ex. 3,4,6-11, 16-19.

[11] The plaintiffs did not serve the defendants in this case. Nonetheless, the defendants answered the complaint on April 25, 2014. <u>See</u> Answer, Doc. No. 7.

[12] This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. From the complaint, venue appears to be proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

balance" in determining whether to stay a case. Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936) (Cardozo, J.)). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Id. (citing American Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)).

When cases involving the same issues are pending before different federal courts with concurrent jurisdiction, the "first-filed rule" instructs the court of first-filing to decide the issue. See E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (1988)("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.")(quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929–30 (3d Cir.1941)).[13] "[T]his policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of 'similar cases... in different federal district courts.'" E.E.O.C.,850 F.2d at 971 (citations omitted). The first-filed rule serves to promote "sound judicial administration" and "comity among federal courts of equal ranks." Id.[14]

The defendants argue that the first-filed rule should not apply because Viesti v. McGraw-Hill and this case do not involve the same parties and are not "materially on all

---

[13] See also Koresko v. Nationwide Life Ins. Co., 403 F. Supp. 2d 394, 399 (E.D. Pa. 2005)("The first-filed rule dictates that 'in cases of federal concurrent  jurisdiction involving the same parties and same issues, the court of first-filing must proceed to decide the matter.")(quoting Southampton Sports Zone v. ProBatter Sports, 2003 WL 22358439, at *4 (E.D. Pa. 2003)).

[14] See also Koresko, 403 F. Supp. 2d at 400 ("[D]ue consideration to the orderly administration of justice counsels in favor of ordinarily respecting the first-filed rule.").

fours" with one another.[15] I disagree. "The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." Advanta Corp. v. Visa U.S.A., Inc., CIV.A. 96-7940, 1997 WL 88906 at *3 (E.D. Pa. Feb. 19, 1997). At the heart of this dispute and that of Viesti is whether McGraw-Hill misused the photographs originally copyrighted to the plaintiffs. Every photograph allegedly misused in this case is also put forth as having been misused in Viesti.[16] Establishing what property rights the plaintiffs now have in these photographs is crucial to resolving this suit. The current copyrights of the plaintiffs are not clear from the complaint.[17] The plaintiffs' motion to intervene and the defendants' motion for summary judgment in Viesti already address the parties' respective positions on status of the plaintiffs' copyright privileges.[18] Both of those motions have already been substantially briefed. At this point, the District of Colorado is better positioned to determine the plaintiffs' copyright interests than this court.[19]

---

[15] See PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co., 2009 WL 2326750, at *5 (E.D. Pa. July 28, 2009)("The threshold issue when addressing the first filed rule is whether the proceedings are 'truly duplicative,' that is, the later-filed case must be 'materially on all fours' with the previously filed action to trigger the first filed rule.")(quoting Grider v. Keystone Health Plan Ctr., Inc., 500 F.3d 322, 333 n. 6 (3d Cir. 2007)).

[16] Compare Compl., Doc. No. 1, Ex. 1-11; Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al., Case No. 1:12-cv-00668, D. Colo., Doc. No. 1, Ex. 3,4,6-11, 16-19.

[17] The complaint states that the plaintiffs own the respective photographs "in whole or part." See Compl., Doc. No. 1 at ¶¶ 18-23.

[18] In opposing the stay, the defendants essentially argue whether the plaintiffs' motion to intervene will succeed and even provide documents from Viesti to support their opposition. See Defendants' Opposition to Motion to Stay, Doc. No. 18 at 3-5. The District of Colorado has been provided a more thorough analysis of this issue. Allowing that court the opportunity to resolve it makes more sense than having this court speculate about what the outcome of those motions might be.

[19] The record in Viesti indicates that Magistrate Judge West, to whom the motion to intervene has been referred, has been actively considering the motion to intervene. Judge West also was involved with Pearson I and Pearson II, so is familiar with the issues regarding the validity of the copyright assignment and plaintiffs' agency relationship with Viesti. It makes more sense to have him resolve these issues than this court.

If the plaintiffs are permitted to intervene in <u>Viesti</u>, this action will become duplicative. The plaintiffs specifically note in their motion to intervene that they will withdraw this suit if intervention is permitted.[20] Allowing this case to proceed when it may later be withdrawn could cause an unnecessary expense of judicial resources, with a stay causing little prejudice to the parties. For the sake of judicial economy and comity, a stay in this case is appropriate until the District of Colorado has resolved the plaintiffs' motion to intervene.[21]

## III.    CONCLUSION

For the foregoing reasons, I will grant the plaintiffs' motion to stay. This action shall be stayed pending the outcome of the plaintiffs' motion to intervene in <u>Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al.</u>, Case No. 1:12-cv-00668 (D. Colo.).

An appropriate Order follows.

---

[20] <u>Viesti Assoc. Inc., v. McGraw-Hill Global Educ. Holdings, LLC et al.</u>, Case No. 1:12-cv-00668, D. Colo., Doc. No. 83 at 2 n. 2.

[21] In addition, I find none of the circumstances that would warrant divergence from the first-filed rule to be present. <u>See</u> <u>E.E.O.C.</u>, 850 F.2d at 972 (explaining how "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" may persuade a court to decline to follow the first-filed rule). The defendants imply some ill-will on the part of the plaintiffs in arguing that "numerous courts have held that [Viesti Associates] was not a proper plaintiff and that it lacked standing as a matter of law." To support this contention, they cite the two <u>Pearson</u> decisions regarding Viesti Associates' standing, along with other suits that involve similar issues. The <u>Pearson</u> decisions were made just weeks before the complaint in this case was filed. The plaintiffs have been transparent with this court and the District of Colorado that the <u>Pearson</u> decisions were, in fact, the reason they filed their motion to intervene and then subsequently filed this suit. At this point, I find nothing in their actions to imply bad faith or inequitable conduct.

While I admit there may be a question of whether venue is appropriate in this district, the question of venue is would not be addressed until *after* the question of ownership rights is resolved. At this point, the facts do not indicate that the plaintiffs are forum shopping by filing in this district.